**James M. MAHAN, Appellant,**

**v.**

**REYNOLDS METALS COMPANY and The Reynolds Retirement Plan, Appellees.**

**No. 83–2098.**

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1984.

Decided July 25, 1984.

House, Jewell, Dillon, Dover & Dixon, P.A., Scotty M. Shively and Edward G. Adcock, Little Rock, Ark., for appellant.

Bruce R. Lindsey, Robert S. Lindsey, Wright, Lindsey & Jennings, Little Rock, Ark., for appellees.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

James M. Mahan brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* The District Court[1] granted summary judgment for defendants, holding that (1) because of an arbitration decision, this action is barred by res judicata, and, alternatively (2) the arbitration decision was not arbitrary and capricious. *Mahan v. Reynolds Metals Co.*, 569 F.Supp. 482, 489, 491 (E.D.Ark.1983). Because we agree that the arbitration decision was not arbitrary and capricious, we affirm.[2]

Mahan worked for Reynolds Metals Company at its Hurricane Creek Plant in Bauxite, Arkansas, and was a member of the United Steelworkers of America. In March 1978, he was injured and became unable to perform his job as stores clerk. He has been on leave of absence since June 1978. In April 1980, Mahan attempted to return to his stores-clerk position, but Reynolds would not allow it. The dispute went to arbitration, and the permanent umpire, Howard A. Cole, found that Mahan could not perform the stores-clerk job. Cole did not go beyond that issue, so he did not decide whether there were other jobs Mahan could do.

In August 1981, Mahan applied for disability retirement benefits under the Reynolds Metals Company Pension Plan, incorporated by reference into the collective-bargaining agreement. The Pension Committee rejected his claim, finding that there was bargaining-unit work Mahan could do. The appeals procedure in the Pension Plan provided that Mahan's claim could be heard by a board consisting of his doctor, the Company's doctor, and a third doctor chosen by the two. Mahan appealed, and a majority of the doctors also found that there was bargaining-unit work Mahan could perform.

Mahan argues that the decision is arbitrary and capricious because the Company has taken inconsistent positions, first by contending that he was permanently disabled from performing the stores-clerk job, and then finding that he is not permanently disabled for purposes of disability retirement. There is no inconsistency. The Permanent Umpire decided only that Mahan could not perform the stores-clerk job. He did not decide whether there was other work Mahan could do because that issue was "beyond the scope of the stipulated issue." Appendix at 106.

Mahan also claims that Reynolds's doctor, Dr. John E. Frandolig, stated at the hearing before the umpire that Mahan's disability was permanent, and that "after two years of conservative treatment, I do not believe he will improve." That, however, was in the context of the stores-clerk position. Dr. Frandolig's belief that Mahan would never recover sufficiently to do the stores-clerk job is not inconsistent with

1. The Hon. G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. Because we affirm on the ground that the arbitration decision was not arbitrary and capricious, there is no need to rule on the *res judicata* question. We can assume for purposes of this appeal that the arbitration award is not an absolute bar to a court action, and that, as plaintiff urges, Brief for Appellant 12, the award, like decisions of ERISA plan trustees, is reviewable in court under the arbitrary-and-capricious standard.

his opinion that Mahan can do other bar-
gaining-unit work.

Affirmed.