**AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS HEALTH AND RETIREMENT FUNDS, James F. Sirmons, Marion Preston, John C. Hall, Jr., and Mel Brandt, Plaintiffs,**

v.

**WCCO TELEVISION, INC., Defendant.**

Civ. No. 3-90-50.

United States District Court, D. Minnesota, Third Division.

April 25, 1990.

---

Robert D. Metcalf, Metcalf & Lazarus, Minneapolis, Minn., for plaintiffs.

Carol A. Ellingson and Nancy L. Cameron, Oppenheimer, Wolff & Donnelly, St. Paul, Minn., for defendant.

## MEMORANDUM AND ORDER

DEVITT, District Judge.

### Introduction

In this ERISA action brought by trustees of welfare and pension fund for the collection of unpaid contributions to a multiemployer plan pursuant to ERISA Sections 502(a)(3) & (d) (29 U.S.C. § 1132(a)(3) & (d)) and Section 515 (29 U.S.C. § 1145), defendant moves for summary judgment and plaintiffs move for partial summary judgment. For the reasons stated below, defendant's motion for summary judgment is granted and plaintiffs' motion for partial summary judgment is denied.

### Background

Plaintiff American Federation of Television and Radio Artists and Retirement Funds (Funds) are multiemployer fringe benefit funds. Plaintiffs James F. Sirmons, Marion Preston, John C. Hall, Jr. and Mel Brandt are representative individual Trustees. Defendant WCCO Television, Inc. (WCCO–TV) is a party to a collective bargaining agreement with plaintiffs which obligates WCCO–TV to make contributions to the Funds on behalf of employees.

Since 1969 WCCO–TV and Twin Cities Local, American Federation of Television and Radio Artists (AFTRA) have negotiated successive collective bargaining agreements. WCCO–TV has for many years employed freelance performers and producers. Prior to 1986, WCCO–TV did not make any pension and welfare contributions on behalf of its freelance employees.

When AFTRA and WCCO–TV began negotiating a new 1986—1989 contract, the issue of pension and welfare payments went to arbitration. The arbitrator concluded that the contract requires WCCO–TV to make pension and welfare contributions to the AFTRA Funds on behalf of freelance employees. However, the arbitrator only ordered WCCO–TV to pay contributions to the AFTRA Funds prospectively from August 1, 1988. AFTRA did not bring a motion to vacate or modify the arbitrator's award.

This suit is brought by the AFTRA Funds and Trustees to enforce payment on contributions for freelancers employed by WCCO–TV prior to August 1, 1988, and to obtain full ERISA statutory remedies on behalf of the Funds. Plaintiff Funds and Trustees move for partial summary judgment, requesting the court to order that the AFTRA Funds are entitled to judgment, with the amount of the judgment to be determined at trial. Defendant WCCO–TV moves for summary judgment.

### Discussion

This court is familiar with the standards for deciding motions for summary judgment. Summary judgment is an extreme remedy and only appropriate where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Loudermill v. Dow Chemical Co.*, 863 F.2d 566, 571 (8th Cir. 1988). When reviewing the record on summary judgment, the court must view the facts in the light most favorable to the party which is opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the facts. *Id.*

The primary issue presented here is the preclusive effect of an arbitration award on a subsequent ERISA action by trustees for contributions allegedly owing under a collective bargaining agreement. Relying on *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) and *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), plaintiffs argue that ERISA plan trustees have an "independent statutory right" to bring an action "which is not predicated on ... any prior arbitration process." The court finds plaintiffs' argument unpersuasive.

The United States Supreme Court has held that certain statutory rights are not subject to waiver under a grievance-arbitration clause. *See Barrentine v. Arkansas–Best Freight System, Inc., supra* (Fair Labor Standards Act); *Alexander v. Gardner–Denver Co., supra* (Title VII). Where the rights asserted were created by contract, however, courts uniformly hold that an arbitration award may have a preclusive effect. *See Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. at 741 n. 19, 101 S.Ct. at 1445 n. 19; *Delaney v. Union Carbide Corp.*, 749 F.2d 17, 19 (8th Cir. 1984); *Fried v. Brevel Motors, Inc.*, 666 F.Supp. 28, 31 (E.D.N.Y.1987); *Mahan v. Reynolds Metals Co.*, 569 F.Supp. 482, 490 (E.D.Ark.1983), *aff'd*, 739 F.2d 388 (8th Cir. 1984). It makes no difference whether the ERISA action is one initiated by beneficiaries under ERISA Section 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), *Delaney v. Union Carbide Corp., supra*, or by trustees under ERISA Section 515 (29 U.S.C. § 1145), *Fried v. Brevel Motors, Inc., supra*.

In the present case the arbitration decision resolves rights arising out of a collective bargaining agreement. ERISA Section 515 (29 U.S.C. § 1145) obligates an employer to make contributions to a multiemployer plan "in accordance with the terms and conditions of such plan or such agreement." The 1986—89 collective bargaining agreement between AFTRA and WCCO–TV provides that the "decision of the arbitrator shall be final and binding." *See* Basic Minimum Agreement Between

896

AFTRA and WCCO Television, Inc., July 1, 1986—June 30, 1989 at § 10.01.

The arbitrator has ruled that the collective bargaining agreement requires WCCO–TV to make contributions on behalf of freelancers from August 1, 1988, forward. Neither party brought a motion to modify or vacate the arbitrator's award within 90 days as required by Minn.Stat. §§ 572.18 and 572.19, subd. 2, and there is no evidence that the award is predicated upon corruption, fraud or other undue means. *Wacker v. Allstate Ins. Co.*, 312 Minn. 242, 251 N.W.2d 346, 350 (1977).

■ Where the collective bargaining agreement has been interpreted by an arbitrator, the court is not free to substitute its own judgment for that of the arbitrator, unless the arbitrator's ruling was arbitrary and capricious. *See United Steel Workers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Delaney*, 749 F.2d at 19; *Fried*, 666 F.Supp. at 32, 33. There is no evidence that the arbitrator in this case acted either arbitrarily or capriciously. AFTRA waited 17 years to bring its claim for contributions to WCCO–TV's attention.

Two other cases cited by plaintiffs to support the proposition that the Fund trustees have an independent statutory right under ERISA are distinguishable. In *Central States Southeast and Southwest Area Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), the Supreme Court held that a trustee need not rely on the union to monitor an employer's compliance with the plan. The Court did not address the issue of whether the union's enforcement of the employer's obligation in arbitration precluded relitigation in a subsequent proceeding. Similarly, in *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 370—76, 104 S.Ct. 1844, 1848—51, 80 L.Ed.2d 366 (1984), the Court only held that certain actions brought by pension plan trustees are not required to be arbitrated prior to commencement of a civil action under ERISA. Again, the court did not address the preclusive effect of a prior arbitration award.

■ Finally, plaintiffs argue that they are not bound by the prospective nature of the arbitrator's decision because they were not parties to the award. The award, plaintiff's contend, is only final and binding as to AFTRA and WCCO–TV. Non-parties, however, can be bound to an arbitrator's award. In *Fried v. Brevel Motors, Inc.*, 666 F.Supp. 28 (E.D.N.Y.), the district court held that res judicata barred an ERISA action by trustees of a health and insurance fund against employer to recover unpaid contributions in light of prior arbitration decision favoring employer. *Id.* An important factor in the court's decision was the commonality of interest between the trustees and the union which initiated the arbitration action. While the plaintiffs, trustees in this suit, may not be considered to be in privity to WCCO–TV as a matter of law, the evidence does establish that AFTRA initiated the arbitration for the very purpose of compelling WCCO–TV to pay monies allegedly due and owing to the AFTRA Funds.

Conclusion

IT IS ORDERED That

1. Defendant WCCO Television, Inc.'s motion for summary judgment against plaintiffs is GRANTED.

2. Plaintiffs' motion for partial summary judgment against defendant WCCO Television, Inc. is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.